# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4427, 02 C 2790 | **DATE** | 12/2/2003 |
| **CASE TITLE** | Rhonda Porter and EEOC vs. International Profit Associates | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

> Defendant's motion to dismiss Rhonda Porter's complaint

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10)■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, defendant International Profit Associates' motion to dismiss plaintiff Rhonda Porter's complaint ([5-1] in case no. 02 C 2790) is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | Document Number |
| ✓ | Notified counsel by telephone. | DEC 11 2003 | |
| ✓ | Docketing to mail notices. | date docketed | |
| | Mail AO 450 form. | docketing deputy initials | 190 |
| | Copy to judge/magistrate judge. | | |
| | | date mailed notice | |
| RS/ea | courtroom deputy's initials | | |
| | | date/time received in central Clerk's Office | mailing deputy initials |

RHONDA PORTER and EEOC )
)
Plaintiffs, )  Case Nos. 01 C 4427, 02 C 2790
)
v. )
)
INTERNATIONAL PROFIT ASSOCIATES, INC., )
)  Judge Joan B. Gottschall
Defendant. )

**DOCKETED**
**DEC 1 1 2003**

<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Rhonda Porter originally filed a three-count complaint against Defendant
International Profit Associates, Inc. ("IPA"), charging IPA in Counts I and II with sexual harassment
and retaliation under Title VII, 42 U.S.C. § 2000e, *et seq.* and in Count III with intentional infliction
of emotional distress ("IIED") under Illinois state law (No. 02 C 4427). Subsequently, Porter,
through her estate, was granted leave to intervene in a pending class action filed by the EEOC against
IPA (No. 01 C 4427), but not before IPA moved to dismiss Porter's original complaint. As an initial
matter, the court denies as moot IPA's motion to dismiss Counts I and II for violating the "prior
pending action doctrine," as these allegations now form the substance of Porter's intervenor
complaint in the class action. And for the reasons stated below the court denies IPA's motion to
dismiss Count III, Porter's IIED claim, for lack of jurisdiction.

I.    FACTS

At all times relevant to her claims, Rhonda Porter was employed by IPA and at the time of
her allegedly unlawful termination, she worked for IPA as a business coordinator. Porter asserts that
she suffered sex discrimination and harassment as well as severe emotional distress caused by the
extreme and offensive conduct of her male supervisors throughout her employment with IPA.
Specifically, Porter complains of being propositioned repeatedly for sex by her supervisors, touched

*1 90*

offensively and inappropriately on her breasts, buttocks, vagina, and back, called derogatory and "filthy" names (e.g., "ghetto whore" and "bitch"), and rubbed against in the groin area by a supervisor who told her he had a "man size anaconda." She also asserts that certain supervisors broke into phone calls between Porter and her husband and made rude sexual comments, that others told she needed to have sex with the director of sales to avoid "having problems" at work, and still others suggested that she have sex with another woman so that they could watch or "join in."

Approximately two weeks before IPA terminated Porter, she was propositioned repeatedly by a supervisor to have sex with the director of sales; Porter refused each time. Porter claims that after her last refusal, the propositioning supervisor told her that the director would be upset, that something would happen to Porter's job, and that Porter would be sorry. Around the same time Porter participated in an EEOC investigation of numerous claims of sex discrimination and harassment filed by other female employees of IPA. Soon after her refusal to have sex with the director of sales and her participation in the EEOC investigation, Porter claims that she was falsely accused of being drunk at work and was fired. She insists that she performed her job satisfactorily and that she was terminated for having refused sex with her boss and assisting the EEOC investigation.

## II.  DISCUSSION

IPA argues that Porter's IIED claim ought to be dismissed because it arises from the same set of facts and circumstances as her federal Title VII claims, and is therefore preempted by the IHRA. Though IPA does not directly say so, the court interprets its motion as arguing for the dismissal of Porter's claim for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1). *See Thomas v. L'Eggs Prods., Inc.*, 13 F. Supp. 2d 806, 808 (C.D. Ill. 1998) (finding that where Illinois court lacks

jurisdiction to hear claim, so to does federal court sitting in Illinois). The IHRA states that "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 ILCS § 5/8-111(C). The Act then explains that a "civil rights violation" occurs when an employee is terminated on the basis of "unlawful discrimination." *Id.* at § 5/2-102. According to the IHRA, unlawful discrimination includes "discrimination against any individual because of his or her . . . sex," *id.* at §§ 5/1-102(A) & 103(Q), and sexual harassment, which the Act defines as "any unwelcome sexual advances or requests for sexual favors or any conduct of a sexual nature when . . . such conduct has the purpose or effect of substantially interfering with an individual's work performance or creating an intimidating, hostile or offensive working environment," *id.* at § 5/2-101(E). Though the IHRA preempts state law tort claims that are "inextricably linked" to a civil rights violation, *Maksimovic v. Tsogalis*, 687 N.E.2d 21, 23 (Ill. 1997), if the complained-of conduct "would be actionable even aside from its character as a civil rights violation because the IHRA did not 'furnish[] the legal duty that the defendant was alleged to have breached,' the IHRA does not preempt a state law claim seeking recovery for it," *Krocka v. City of Chicago*, 203 F.3d 507, 516-17 (7th Cir. 2000) (quoting *Maksimovic*, 687 N.E.2d at 23).

In this case Porter claims that she has suffered severe emotional distress due to the outrageous conduct of various IPA employees, conduct that occurred in the workplace and was mostly sexual in nature. Defendants argue that because the same allegedly inappropriate workplace behavior by IPA employees forms the basis for both Porter's sexual harassment and retaliation claims under Title VII and her IIED claim under state tort law, the charges are inextricably linked and she cannot bring her IIED claim independently of a civil rights action under the IHRA. The court

3

disagrees. The proper inquiry in cases like this is "whether the tort claim is inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the Act itself." *Maksimovic*, 687 N.E.2d at 23. The duty not to intentionally and knowingly inflict severe emotional distress upon another derives from common law and exists quite separately from the statutory prohibition against workplace discrimination codified in Title VII and the IHRA. *Arnold v. Jansen Pharmaceutica, Inc.*, 215 F. Supp. 2d 951, 955 (N.D. Ill. 2002). Therefore, the fact that a defendant's extreme and offensive conduct might also constitute sexual harassment under state or local laws does not affect the viability of plaintiff's tort claim for IIED. *Id.* And in fact, several recent decisions from this district have held that the IHRA does not preempt IIED claims in cases where, as here, the defendants' underlying conduct included numerous instances of harmful and offensive touching, suggestive sexual comments, repeated requests and propositions for sexual behavior, and crude and demeaning sexual slurs directed at the plaintiff. *See, e.g., Arnold*, 215 F. Supp. 2d at 955-56; *Spahn v. Int'l Quality & Productivity Ctr.*, 211 F. Supp. 2d 1072, 1075-76 (N.D. Ill. 2002); *Roberts v. Cook County*, 213 F. Supp. 2d 882, 886-87 (N.D. Ill. 2002); *Adan v. Solo Cup, Inc.*, No. 01 C 3966, 2001 WL 951726, at *1-3 (N.D. Ill. Aug. 17, 2001); *Rapier v. Ford Motor Co.*, 49 F. Supp. 2d 1078, 1079-80 (N.D. Ill. 1999).

Under the facts of this particular case, the court finds that Porter has asserted sufficient facts to establish a claim for IIED independent of the legal duties furnished by the IHRA. Porter complains of being propositioned repeatedly for sex by her supervisors, touched offensively and inappropriately on her breasts, buttocks, vagina, and back, called derogatory and crude names, and rubbed against in the pelvic area by a supervisor who told her he had a "man size anaconda." Since these allegations of clearly offensive conduct could support a claim for IIED separate from the IHRA's prohibition

against workplace discrimination on the basis of sex, the court concludes that Porter's IIED claim is not preempted by the IHRA.

III.   CONCLUSION

Defendant IPA's motion to dismiss is denied.

ENTER:

JOAN B. GOTTSCHALL
United States District Judge

DATED:   December 2, 2003